# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| HUGH ADAM KECKRITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-CV-254-TRM-CHS |
| | ) | |
| MORGAN COUNTY CORRECTIONAL | ) | Judge Travis R. McDonough |
| FACILITY, SHAWN PHILLIPS, | ) | |
| TENNESSEE DEPARTMENT OF | ) | Magistrate Judge Christopher H. Steger |
| CORRECTION, JUSTIN HEAD and | ) | |
| JOHN DOES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Plaintiff, a Tennessee Department of Correction ("TDOC") inmate confined in the Morgan County Correctional Complex ("MCCX"), filed a motion for leave to proceed *in forma pauperis* (Doc. 4) and a pro se complaint for violation of 42 U.S.C. 1983 regarding events during his confinement (Doc. 1), both of which are now before the Court. For the reasons set forth below, Plaintiff's motion (*id.*) will be **GRANTED**, and only Plaintiff's claims that (1) in one incident, Defendant Head called [him] a P.C. bitch [and] a check in [sic]," told Plaintiff to kill himself, and told Plaintiff that he would never feed him again in one incident and (2) Defendant Head later "t[old] everybody" that Plaintiff is a snitch will proceed herein. All other claims and Defendants will be **DISMISSED**.

## I.     FILING FEE

As Plaintiff cannot pay the filing fee in a lump sum, his motion for leave to proceed *in forma pauperis* (*id.*) is **GRANTED**. Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of his inmate trust account is **DIRECTED** to submit to the

Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and(B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure payment of the filing fee. This memorandum and order shall be placed in Plaintiff's institutional file and follow him if he is transferred to a different facility.

## II. COMPLAINT SCREENING

### A. Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review, a prisoner complaint "must contain sufficient factual matter, accepted as true, to 'state a

2

claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.      Analysis**

Although Plaintiff has the duty to plead the capacity in which he sues the individual Defendants, *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989), Plaintiff does not do so in his complaint. Nevertheless, the Court will assume that Plaintiff sues the individual Defendants in both their individual and official capacities for purposes of screening the complaint. The Court will address Plaintiff's claims against the TDOC and MCCX and the individual Defendants in their official capacities before addressing the individual capacity claims.

**1.      Entity and Official Capacity Claims**

Plaintiff has sued the MCCX and the TDOC. However, these are not entities subject to suit under § 1983. *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that the TDOC is not a "person" within meaning of 1983); *Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, *1 (6th Cir. Sept. 21, 2016) (finding that a state prison and its "medical staff" were not subject to suit under § 1983).

3

Moreover, Plaintiff's claims against the individual Defendants in their official capacities are actually against the TDOC and/or the State of Tennessee. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). As such, they are likewise subject to dismissal because neither the TDOC nor the State of Tennessee is an entity subject to suit under § 1983. *Hix*, 196 F. App'x at 355 ; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (providing that "a State is not a person within the meaning of § 1983").

Accordingly, Plaintiff's claims against the MCCX and the TDOC and against any individual Defendant in his official capacity fail to state a claim upon which relief may be granted under §1983, and they are **DISMISSED**.

### 2. Individual Capacity Claims

To the extent Plaintiff has sued the individual Defendants in their individual capacities, such a claim may proceed only where the factual allegations permit the plausible inference that each Defendant's own conduct violated Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). The Court will address the John Doe Defendants before addressing Defendant Warden Shawn Phillips and Defendant Officer Head.

### a. John Doe Defendants

Plaintiff's complaint includes allegations against various unnamed prison officers and a medical provider, and he names John Doe Officers who assaulted him as Defendants (Doc. 1, at 3–5). But filing a complaint does not commence a civil action against an unidentified party. *See*

4

*Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) ("A civil action cannot be commenced against a fictitious party such as an unknown John Doe." (citing *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968))). Instead, "until an amendment adding additional defendants has been permitted by the court," allegations against unknown defendants "are merely 'surplusage[.]'" *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n. 1 (W.D. Ky. 1984) (citation omitted). As such, the Court will not address Plaintiff's allegations against the intended John Doe Defendants until he identifies them to the Court.

### b. Warden Shawn Phillips

As to Defendant Warden Shawn Phillips, Plaintiff does not mention this Defendant in the substantive portion of his complaint and therefore provides no facts to support a plausible inference that this Defendant was personally involved in any of the events alleged in the complaint in a manner that would allow the Court to plausibly infer that he may be liable for the events under § 1983. *Frazier*, 41 F. App'x at 764; *Troutman v. Louisville Metro Dep't of Corrs.*, 979 F.3d 472, 487–88 (6th Cir. 2020) (providing that "at minimum a plaintiff must show that a supervisory official at least implicitly authorized, approved[,] or knowingly acquiesced in the unconstitutional conduct of the offending subordinate" in order for the supervisory official to be liable for a subordinate's acts under § 1983) (citation modified). And this Defendant cannot be liable under §1983 based solely on his supervisory position. *Iqbal*, 556 U.S. at 676 (2009) ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*"). As such, this Defendant will be **DISMISSED**.

### c. Officer Justin Head

As to Defendant Officer Justin Head, Plaintiff first alleges that this Defendant refused to trade Plaintiff's incomplete breakfast tray for a full tray on one occasion (*id.* at 4). Plaintiff also alleges that while he was shouting for Sergeant to come to his cell, Defendant Head "called [him] a P.C. bitch [and] a check in [sic]," told Plaintiff to kill himself, and told Plaintiff that he would never feed him again (*id.*). Because of this, Plaintiff attempted to commit suicide (*id.*). Plaintiff additionally states that after other prison officers used excessive force against him, Defendant Head "t[old] everybody" that Plaintiff is a snitch (*id.*). Plaintiff further claims that Defendant Head "taunts [him] and won't leave [him] alone" and got Plaintiff fired from getting a "rockman job" (*id.* at 5).

Plaintiff's general allegations that Defendant Head (1) refused to get him a full breakfast tray on one occasion, (2) taunts Plaintiff, and (3) got Plaintiff fired from a job do not state a plausible claim for violation of § 1983. *Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977) (providing that where a diet is sufficient to sustain the prisoner's good health, no constitutional right has been violated); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (finding verbal abuse and harassment do not constitute "punishment" in the constitutional sense or otherwise raise a constitutional issue); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (holding that "[p]risoners have no constitutional right to . . . jobs").

But Plaintiff's allegations that Defendant Head (1) called [him] a P.C. bitch [and] a check in [sic]," told Plaintiff to kill himself, and told Plaintiff that he would never feed him again and (2) "t[old] everybody" that Plaintiff is a snitch will proceed against Defendant Head at this time.

### III.    CONCLUSION

For the reasons set forth above:

1.  Only Plaintiff's claims that Defendant Head (1) called [him] a P.C. bitch [and] a check in [sic]," told Plaintiff to kill himself, and told Plaintiff that he would never

6

feed him again and (2) "t[old] everybody" that Plaintiff is a snitch will proceed herein;

2. All other claims and Defendants are **DISMISSED**;

3. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Head;

4. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of entry of this order;

5. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

6. Service on Defendant Head shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

7. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action will be dismissed without further notice;

8. Defendant Head shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant Head fails to timely respond to the complaint, it may result in entry of judgment by default against him; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendant Head or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

7